IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NOS. 08-485; 08-601 |
| | : | |
| ANGEL ROBERTO SERRANO, JR | : | |
|     a/k/a "Fly" | : | |
| ANGELA M. SERRANO | : | |
| LISA M. SERRANO | : | |

## GOVERNMENT'S REQUESTED JURY VOIR DIRE QUESTIONS

The United States of America, by its undersigned attorneys, Laurie Magid, United States Attorney for the Eastern District of Pennsylvania, and Francis C. Barbieri, Jr., Chief, Firearms Section, and Mark S. Miller, Assistant United States Attorneys for the district, respectfully requests that this Honorable Court ask the following questions of the jury panel during the jury selection process:

The indictment in this case alleges the following:

1. That from at least about February 5, 2008, up to and including August 18, 2008, in the Eastern District of Pennsylvania and elsewhere, defendant ANGEL ROBERTO SERRANO, JR.:

    a. conspired to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (one count); and

    b. tampered with a witness, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (five counts).

2. The indictment further charges that ANGELA M. SERRANO:

      a.    conspired to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (two counts);

      b.    tampered with a witness, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (six counts);

      c.    conspired to commit perjury before the federal grand jury, in violation of Title 18, United States Code, Section 371 (one count);

      d.    suborned perjury, in violation of Title 18, United States Code, Section 1622 (one count);

      e.    committed perjury before the federal grand jury, in violation of Title 18, United States Code, Sections 1623 and 2 (four counts)

3.    The indictment further charges that LISA M. SERRANO:

      a.    conspired to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (one count);

      b.    conspired to commit perjury before the federal grand jury, in violation of Title 18, United States Code, Section 371 (one count);

      c.    suborned perjury, in violation of Title 18, United States Code, Section 1622 (one count);

      d.    tampered with a witness, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (one count);

      e.    committed perjury before the federal grand jury, in violation of Title 18, United States Code, Sections 1623 and 2 (four counts).

Are you personally acquainted with any of the defendants or do you, or any member of your family, or any friend, have any connection of any kind with any of them?

       2.       Do you believe that you would not be able to decide this case fairly because of the nature of the charges contained in the indictment?

       3.       The government alleges that the incidents at issue in this case occurred as a result of a shooting of a seven year-old girl named Brianna Pratt that occurred near the intersection of Beaver and Andrew Streets in the City of Lancaster, Pennsylvania, on January 4, 2007. Do any of you live near that area or frequent that area? If so, would your familiarity with that area make it difficult for you to fairly and impartially serve as a juror in this matter?

       4.       Do you have any information with respect to the alleged offenses or know anything about the facts of the case?

       If so: (answers to be elicited at bench)

          (a)       What have you heard or read?

          (b)       Based upon what you have heard or read, have you formed any opinion about the charges or the guilt or innocence of the defendants?

          (c)       Could you follow my instructions and disregard what you heard or read and determine the guilt or innocence of the defendants on the basis of the evidence introduced at trial?

       5.       Do you know counsel for the government or counsel for the defendants? If yes, please explain.

       6.       To your knowledge, has any lawyer in this case acted as your attorney, or as the attorney for any family members or friends?

7. Are you acquainted with any of the potential government witnesses in this matter, who include the following:

### City of Lancaster Police Department Officers

Detective Michael Winters             Detective Lieutenant Kent Switzer

### Lancaster County Detective Bureau

Detective Joseph Hockley

### Bureau of Alcohol, Tobacco, Firearms and Explosives

Special Agent Frederick Rossetti      Reading, Pennsylvania
Special Agent Charles Bowman          Reading, Pennsylvania
Special Agent Neil Zubaty             Reading, Pennsylvania

### Civilians

Nicole Fedoruk        Lancaster, Pennsylvania
Glenn Kramer          Lancaster, Pennsylvania
Tara Ortiz            Lancaster, Pennsylvania
Theresa Punchios      Lancaster, Pennsylvania
Brittany Walter       Lancaster, Pennsylvania

If yes, please explain.

8. Do you have opinions or concerns about law enforcement or the criminal justice system that would interfere with your ability to render a true verdict based solely upon the evidence presented at trial?

9. Do you have any negative feelings toward the Bureau of Alcohol, Tobacco, and Firearms, the City of Lancaster Police Department, or any law enforcement agency which would affect your ability to render a fair and impartial verdict in this case?

10.  Have you ever had, or do you now have, or do you presently anticipate having, any case or dispute with or claim against the United States Government, including the Internal Revenue Service?

11.  Have you had any dealing whatsoever with the United States Government in connection with which you feel that the government did not give you fair treatment? If so, please explain.

12.  Have you had any dealing whatsoever with the Commonwealth of Pennsylvania or any of its agencies, the City of Lancaster, or the City of Lancaster Police Department in connection with which you feel that the city government or the police department did not give you fair treatment? If so, please explain.

13.  Have you ever been a juror before? If yes, where, when, and in what type of case (civil or criminal)? If yes, did you reach a verdict?

14.  Have you or any member of your immediate family, close friends, or relatives ever been the victim of a crime or participated in a criminal case as a complainant, witness for the Government, or the Commonwealth, or in some other capacity? If yes, please explain.

15.  Have you or any member of your immediate family, close friends, or relatives ever been arrested or participated in a criminal case as a defendant, witness for the defense, or in some other capacity? If yes, please explain.

16.  Do you believe that you or any member of your immediate family, close friends, or relatives has ever been unfairly accused or convicted of a crime? If so, please explain.

17. Is there any member of the panel who feels that he or she could not fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer? If yes, please explain.

18. Has any member of the panel, or relative or close friend, ever been employed by any federal, state, local or private law enforcement agency, including a police department, a sheriff's office, a military stockade or brig, a private security company, or a penitentiary or other jail or custodial facility? If so:

    (a) In what capacity did you, your relative or close friend serve?

    (b) If a relative or close friend is or was so employed, do you or did you often discuss their work with them.

19. Do you feel that you could not judge another human being for a criminal act, whether on religious, moral, personal or any other ground?

20. Do you have any physical or emotional disability, impairment, or condition that would interfere with your ability to hear, see, or pay attention to the evidence in this case?

21. During this trial you will hear testimony concerning a shooting incident in which a seven year-old girl was injured. Does this fact, standing alone, cause you to question whether you can remain fair and impartial in this case?

22.     If you were representing the government or a defendant in this case, is there any reason why you would not be content to have the case decided by someone in your frame of mind?

        Respectfully submitted,

        LAURIE MAGID
        United States Attorney


        FRANCIS C. BARBIERI, JR.
        Chief, Firearms Section
        Assistant United States Attorney


        MARK S. MILLER
        Assistant United States Attorney


Dated: <u>May 1, 2009</u>

<u>CERTIFICATE OF SERVICE</u>

   I certify that on this day I caused a copy of the Government's Requested Voir Dire Questions to be served via electronic filing and first class United States mail addressed to:

| | |
|---|---|
| Jose L. Ongay, Esquire<br>521 S. Second Street<br>Philadelphia, PA 19147<br>*Counsel for Angel Serrano* | Michael P. Gottlieb, Esquire<br>Vangrossi & Recchuiti<br>319 Swede Street<br>Norristown, PA 19401-4801<br>*Counsel for Lisa Serrano* |
| J. Michael Farrell, Esquire<br>718 Arch Street, Suite 402N<br>Philadelphia, PA 19106<br>*Counsel for Angela Serrano* | |

                    MARK S. MILLER
                    Assistant United States Attorney

Date: May 1, 2009