## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Nos. 08-485; 08-601** |
| | : | |
| **ANGEL ROBERTO SERRANO, JR.** | : | |
| **a/k/a "Fly,"** | : | |
| **ANGELA M. SERRANO** | : | |
| **LISA M. SERRANO** | : | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, Laurie Magid, United States Attorney for the Eastern District of Pennsylvania, and Mark S. Miller, Assistant United States Attorney, pursuant to Federal Rule of Criminal Procedure 30, requests that this Court tender the following jury instructions in addition to the standard instructions, and further requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

LAURIE MAGID
United States Attorney

_____
FRANCIS C. BARBIERI, JR.
Assistant United States Attorney
Chief, Firearms Section

_____
MARK S. MILLER
Assistant United States Attorney

Date: May 1, 2009

## TABLE OF CONTENTS

**Instruction**                                                                                    **Request No.**

Duty to Follow Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Credibility of Witnesses – In General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Failure to Call Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

If Defendant Does <u>Not</u> Testify:
Defendant Not Required to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

If Defendant Testifies:
Credibility of Defendant as a Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cooperating Witness' Grant of Immunity From Prosecution . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Burden of Proof – Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

"On or About" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Indictment: Use of Conjunctive "and" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Penalty Not to be Considered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Irrelevance of Guilty or Innocence of Others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sympathy and Bias . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Motive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Specific Investigation Techniques Not Required . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Summary of the Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Conspiracy  – Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Conspiracy  – Essential Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Conspiracy  – Existence of an Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF CONTENTS

**Instruction**                                                                                **Request No.**

Conspiracy  – Membership in an Agreement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Conspiracy  – Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Liability for Acts and Statements of Co-Conspirators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Success of Conspiracy Immaterial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Charged Period of Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

"Knowingly" and "Intentionally" Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Perjury: The Nature Of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Perjury: The Statute Defining the Offense Charged  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Perjury: Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Unanimous Agreement to False Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

The "Literal Truth" Defense  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Subornation of Perjury: The Nature of the Offense Charged  . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Subornation of Perjury: The Statute Defining the Offense Charged . . . . . . . . . . . . . . . . . . . . . 34

Subornation of Perjury: The Essential Elements of the Offense Charged . . . . . . . . . . . . . . . . . 35

Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a)) – Counts
Two through Six, and Ten . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Tampering With a Witness – Statute – Counts Two Through Six, and Ten  . . . . . . . . . . . . . . . . 37

Tampering With a Witness – Essential Elements Of The Offense Charged . . . . . . . . . . . . . . . . 38

Tampering With a Witness – Corruptly Persuaded  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Tampering With a Witness – "With Intent To Influence Testimony" Defined . . . . . . . . . . . . . . 40

Tampering With a Witness – "Official Proceeding"– Defined  . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Verdict - Election of Foreperson - Duty to Deliberate -
Unanimity - Form of Verdict - Communication With the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Verdict Form  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

## GOVERNMENT'S REQUEST NO. 1

**Duty to Follow Instructions**

MEMBERS OF THE JURY:

You have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You also should not be influenced by any person's race, color, religion, national ancestry, or gender.

_____

Third Circuit Model Jury Instruction (Criminal) 3.01.

## <u>GOVERNMENT'S REQUEST NO. 2</u>

**<u>Evidence</u>**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4)     Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1)     The indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your

decision in this case.  Also, do not assume from anything I may have done or said during the trial

that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Jury Instruction (Criminal) 3.02.

<u>**GOVERNMENT'S REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

_____

Third Circuit Model Jury Instruction (Criminal) 3.03.

## GOVERNMENT'S REQUEST NO. 4

### Credibility of Witnesses – In General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other

evidence that you believe or how believable the witness' testimony was when

considered with other evidence that you believe]; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of

different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more

persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like

failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you

should also consider whether it was about a matter of importance or an insignificant detail.  You

should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and

the witness was not impeached.  You may decide that the witness is not worthy of belief because

of the witness' bearing and demeanor, or because of the inherent improbability of the testimony,

or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then

attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of

witnesses who testified or the quantity of evidence that was presented.  What is more important

than numbers or quantity is how believable the witnesses were, and how much weight you think

their testimony deserves.

_____

Third Circuit Model Jury Instruction (Criminal) 3.04.

## <u>GOVERNMENT'S REQUEST NO. 5</u>

**<u>Failure to Call Witnesses</u>**

The law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the government to produce as exhibits all papers and things mentioned in the evidence.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inference may be drawn from his failure to do so.

_____

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 17.18 (3d ed. 1977); <u>cf.</u> 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and</u> <u>Instructions</u>, Section 105.11 (5th ed. 2000) (civil cases).

9

## GOVERNMENT'S REQUEST NO. 6

**If Defendant Does Not Testify:**
**Defendant Not Required To Testify**

A defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered by the jury in any way when deliberating and arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his or her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

_____

1A O'Malley, Grenig, & Lee, <u>Federal Jury Practice and Instructions</u> Section 15.14 (5th ed. 2000).

10

## **GOVERNMENT'S REQUEST NO. 7**

**If Defendant Does Testify:**
**Credibility of Defendant As A Witness**

A defendant cannot be compelled to take the witness stand and testify.  Whether or not he or she testifies is a matter of his own choosing.  If he or she does choose to testify, he or she is a competent witness.  In that event, he or she is subject to cross-examination, as you have observed, and his or her credibility is for you, the jury, to determine, in the same manner as that of other witnesses.

Obviously, a defendant has a significant personal interest in the result of his or her prosecution.  This interest gives the defendant a strong motive to protect him or herself.  In appraising his or her credibility, you may take that fact into account.

However, I want to say this with equal force to you - it by no means follows that simply because a person has a vital interest in the trial's result, that he or she is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, a defendant's interest has affected or colored his or her testimony.

_____

See Reagan v. United States, 157 U.S. 301(1895); United States v. Floyd, 555 F.2d 45, 47 n.4 (2d Cir.); cert. denied, 434 U.S. 851 (1977); United States v. Martin, 525 F.2d 703, 706 n.3 (2d Cir.), cert. denied, 423 U.S. 1035(1975).

**GOVERNMENT'S REQUEST NO. 8**

**Cooperating Witness: Grant of Immunity From Prosecution**

In this case the government called as witnesses, Glenn Kramer and tara Ortiz, who were granted immunity from prosecution with respect to their testimony.  Such a grant of immunity is expressly approved as lawful and proper by the United States Supreme Court and is an essential component of the administration of justice.

You may not consider this evidence against a defendant on trial, nor may you draw any conclusions or inferences of any kind about the guilt of a defendant on trial from the fact that a prosecution witness has been granted immunity with respect to his or her testimony.  Such evidence is offered only to allow you to assess the credibility of the witness, to eliminate any concern that defendants had been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he or she testified.

The testimony of such witnesses should be scrutinized with caution.  However, witnesses who testify under a grant of immunity from the government are competent to testify and such testimony may be received in evidence and considered by you even though not corroborated or supported by other evidence.  You may give the testimony of witnesses testifying under a grant of immunity such weight as you feel it deserves.[*]

---

[*] United States v. Universal Rehab. Services, Inc., 205 F.3d 657, 668 (3d Cir. 2000) (en banc); see also United States v. Cohen, 171 F.3d 796 (3d Cir. 1999); United States v. Gaev, 24 F.3d 473, 475-78 (3d Cir. 1994); United States v. Werme, 939 F.2d 108 (3d Cir. 1991), cert. denied, 112 S.Ct. 1165 (1992); United States v. Gambino, 926 F.2d 1355, 1363-64 (3d Cir. 1991), cert. denied 112 S.Ct. 415 (1991); see Bisaccia v. Attorney General of New Jersey, 632 F.2d 307, 313 (3d Cir. 1980).

## GOVERNMENT'S REQUEST NO. 10

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendants have pleaded not guilty to the offenses charged.  They are presumed to be innocent.  The defendants started the trial with a clean slate, with no evidence against them.  The presumption of innocence stays with the defendants unless and until the government has presented evidence that overcomes that presumption by convincing you that they are guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find the defendants not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendants have no burden or obligation to present any evidence at all or to prove that they are not guilty.  The burden or obligation of proof is on the government to prove that the defendants are guilty and this burden stays with the government throughout the trial.

In order for you to find the defendants guilty of the offenses charged, the government must convince you that the defendants are guilty beyond a reasonable doubt.  That means, the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

---------------------------

Third Circuit Model Jury Instruction (Criminal) 3.06.

## GOVERNMENT'S REQUEST NO. 10

**"On or About" – Proof of**

You will note that the second superseding indictment charges that the offense was committed "on or about" certain dates.  The government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

_____

Third Circuit Model Jury Instruction (Criminal) 3.08.

## GOVERNMENT'S REQUEST NO. 11

**Indictment: Use of Conjunctive "and"**

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

Where a statute specifies several alternative ways in which an offense may be committed, the  indictment may allege the several ways in the conjunctive, that is, by using the word "and". If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.

_____

See United States v. Niederberger, 580 F.2d 63, 67-68 (3d Cir. 1978).

## GOVERNMENT'S REQUEST NO. 12

**Penalty Not to be Considered**

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

--------------------

See, e.g. Third Circuit Model Jury Instruction (Criminal) 3.16.  See also 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13.05 (5th Edition 2000).

## <u>GOVERNMENT'S REQUEST NO. 13</u>

**<u>Irrelevance of Guilt or Innocence of Others</u>**

You are here to determine whether the government has proven the guilt of the defendants for the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.  You may not draw any inference, favorable or unfavorable, toward the government or the defendants on trial, from the fact that other persons were not named as defendants in the  indictment, and you should not speculate about the reasons for this.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of any defendant for any crime charged in the  indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds as to any defendant after impartial consideration of all the evidence in the case, it is your duty to find that defendant not guilty.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.11 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 14

**Sympathy And Bias**

Under your oath as jurors, you are not to be swayed by sympathy or bias.  You are to be guided solely by the evidence in the case, and the crucial hard-core question you must ask yourselves as you sift through the evidence is, where do you find the truth?  This is a quest for truth as to the facts, that is what a trial is.  It's not a battle of wits.  It's not a contest of salesmanship, and it's not a contest of personalities.  The only triumph in any case is whether or not the truth has triumphed.  If it has, then justice has been done.  If not, justice will not have been done.

The conduct charged in the  indictment is illegal under federal law.  The issue and only issue for you to decide is whether or not any defendant has violated the law.  You are to determine the guilt or innocence of any defendant solely on the basis of the evidence and the law as I have now charged you.  If you find that the law has not been violated, you should not hesitate for any reason to return a verdict of not guilty.  If, on the other hand, you find beyond a reasonable doubt that the law has been violated as charged, you should not hesitate to render a verdict of guilty because of sympathy or bias, prejudice, fear, public opinion, or your own views as to the propriety or social desirability of this conduct.  In sum, you must not decide this matter based on anything other than the evidence in this case and the law as I have instructed you as you said under oath you could at the time of your selection as jurors.

_____

United States v. Martorano, Criminal No. 82-00013 (E.D. Pa.), aff'd, 709 F.2d 863
(3d Cir. 1983).

## <u>GOVERNMENT'S REQUEST NO. 15</u>

**<u>Motive</u>**

Motive and intent are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.  The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 17.06 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 16

**Specific Investigative Techniques Not Required**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty.  However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.  For example, there is no requirement that the government attempt to take fingerprints, or that it offer fingerprints into evidence.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

_____

Third Circuit Model Jury Instruction (Criminal) 4.14; 1 L. Sand, et al., Modern Federal Jury Instructions ¶ 4.01 at Instruction 4-4 (2004).

## GOVERNMENT'S REQUEST NO. 17

**Summary of Indictment**

I will now instruct you on the law relating to the specific charges contained in the indictment. The indictment charges the defendants as follows:

1.    In the Eastern District of Pennsylvania and elsewhere, defendant, Angel Roberto Serrano, Jr., committed the following offenses:

        A.    One count of conspiracy to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (Count One);

        B.    Five counts of tampering with a witness, and aiding and abetting, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (Counts Two through Six).

2.    In the Eastern District of Pennsylvania and elsewhere, defendant, Angela M. Serrano committed the following offenses:

        A.    Two counts of conspiracy to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (Counts One and Seven);

        B.    One count of conspiracy to commit perjury before the federal grand jury, in violation of Title 18, United States Code, Section 371 (Count Eight);

        C.    One count of subornation of perjury, in violation of  Title 18, United States Code, Section 1622 (Count Nine);

> D.     Six counts of tampering with a witness, and aiding and abetting, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (Counts Two through Six, and Ten);
>
> E.     Four counts of perjury before the federal grand jury, in violation of Title 18, United States Code, Sections 1623 and 2 (Counts Fifteen through Eighteen)

3.     In the Eastern District of Pennsylvania and elsewhere, defendant, Lisa M. Serrano committed the following offenses:

> A.     One count of conspiracy to suborn perjury and tamper with a witness, in violation of Title 18, United States Code, Section 371 (Count Seven);
>
> B.     One count of conspiracy to commit perjury before the federal grand jury, in violation of Title 18, United States Code, Section 371 (Count Eight);
>
> C.     One count of subornation of perjury, in violation of Title 18, United States Code, Section 1622 (Count Nine);
>
> D.     One count of tampering with a witness, and aiding and abetting, in violation of Title 18, United States Code, Sections 1512(b)(1) and 2 (Count Ten);
>
> E.     Four counts of perjury before the federal grand jury, in violation of Title 18, United States Code, Sections 1623 and 2 (Counts Eleven through Fourteen).

24

I will send a copy of the indictment to the jury room with you to aid in your deliberations.  Keep in mind that the indictment represents a formal method of charging someone with the commission of a crime.  As such, you may not consider it as evidence of a defendant's guilt or draw any inference of guilt from it.