## GOVERNMENT'S REQUEST NO. 18

**Conspiracy  – Purpose**

Defendants, Angel Roberto Serrano and Angela M. Serrano are accused of participating in a conspiracy, from at least on or about February 5, 2008, up to and including on or about August 18, 2008, in the Eastern District of Pennsylvania.  It is alleged that these defendants conspired, in violation of Title 18, United States Code, Section 1622, to knowingly suborn the perjury of B.W., a person known to the grand jury, before the grand jury, with respect to matters that were material to the grand jury.  It is further alleged that these defendants conspired, in violation of Title 18, United States Code, Section 1512(b)(1), to knowingly corruptly persuade B.W. with intent to influence the testimony of B.W. in an official proceeding, that is, the federal grand jury, all in violation of Title 18, United States Code, Section 371.

Defendants, Angela M. Serrano and Lisa M. Serrano are accused of participating in a conspiracy, in or about February, 2008,  in the Eastern District of Pennsylvania.  It is alleged that these defendants conspired, in violation of Title 18, United States Code, Section 1622, to knowingly suborn the perjury of Person #1 known to the grand jury, before the grand jury, with respect to matters that were material to the grand jury.  It is further alleged that these defendants conspired, in violation of Title 18, United States Code, Section 1512(b)(1), to knowingly corruptly persuade Person #1 known to the grand jury, with intent to influence the testimony of Person #1 known to the grand jury, in an official proceeding, that is, the federal grand jury, all in violation of Title 18, United States Code, Section 371.

Defendants, Angela M. Serrano and Lisa M. Serrano are also accused of participating in another conspiracy, in or about February, 2008,  in the Eastern District of Pennsylvania.  It is alleged that these defendants conspired, in violation of Title 18, United States Code, Section

1622, to commit perjury before the grand jury, with respect to matters that were material to the grand jury.

A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crimes of conspiracy to suborn perjury and tamper with a witness, and conspiracy to commit perjury before the federal grand jury, that is the agreements, are independent offenses. They are separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  In this case, for example, the substantive crimes are tampering with a witness, subornation of perjury, and perjury before the federal grand jury. I will define these substantive crimes later.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime because the criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

_____

See 1L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction No. 19-2 at 19-4 (1999).

<u>**GOVERNMENT'S REQUEST NO.  19**</u>

<u>**Conspiracy  – Essential Elements of the Offense**</u>

To prove a conspiracy to suborn perjury and tamper with a witness as charged in Counts One and Seven of the indictment, the government must prove the following three elements beyond a reasonable doubt:

*First*, that two or more persons agreed to commit an offense*(s)* against the United States, as charged in the indictment.  I will explain the elements of the offense(s) to you shortly.

*Second*, that the defendant joined the agreement or conspiracy knowing of its objective*(s)* to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective;that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

*Third*, that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

--------------------------------

*See* O'Malley §§ 31.01 - 31.03.  For variations in other Circuits, *see* First Circuit § 4.03; Fifth Circuit § 2.20; Sixth Circuit §§ 3.01A & 3.01B; Seventh Circuit § 5.08; Eighth Circuit § 5.06A; Ninth Circuit § 8.16.

## GOVERNMENT'S REQUEST NO.  20

**Conspiracy  – Existence of an Agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

As to Count One, the government must prove that the defendants, Angel Roberto Serrano and Angela M. Serrano, knowingly and deliberately entered into an agreement to procure B.W. to give false testimony before the federal grand jury, about matters which were material to the federal grand jury, and to knowingly corruptly persuade B.W. with the intent to influence the testimony of B.W. before the federal grand jury.

As to Count Seven, the government must prove that the defendants, Angela M. Serrano and Lisa M. Serrano, knowingly and deliberately entered into an agreement to procure Person #1 known to the grand jury, to give false testimony before the federal grand jury, about matters which were material to the federal grand jury, and to knowingly corruptly persuade Person #1 known to the grand jury with the intent to influence the testimony of Person #1 known to the grand jury, before the federal grand jury. .

As to Count Eight, the government must prove that the defendants, Angela M. Serrano and Lisa M. Serrano, knowingly and deliberately entered into an agreement to give false testimony before the federal grand jury, about matters which were material to the federal grand jury.

It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained for Counts One, Seven and Eight of the indictment, actually existed, then you must acquit the defendants charged in the specific counts for which there is insufficient proof. If the jury finds that the government has proved the existence of the conspiracy charged in Counts One, Seven, and/or Eight beyond a reasonable doubt, then you must consider whether it has proved the second element as to any, all, or none of the defendants.

---

See 2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §31.04 (5th ed. 2000); United States v. Pressler, 256 F.3d 144, 147-49 (3d Cir. 2000); United States v. Gibbs, 190 F.2d 188, 197-98 (3d Cir. 1999), cert. denied, 528 U.S. 1131 (2000).

<u>**GOVERNMENT'S REQUEST NO. 21**</u>

<u>**Conspiracy  – Membership in an Agreement**</u>

Before the jury may find that defendants, Angel Roberto Serrrano and Angela M. Serrano in Count One of the indictment; and/or defendants Angela M. Serrano, Lisa M. Serrano and/or a person known to the grand jury, in Count Seven of the indictment; and/or defendants Angela M. Serrano, Lisa M. Serrano and/or a person known to the grand jury, in Count Eight of the indictment, became a member of the conspiracy charged in each of the three respective conspiracy counts of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendants or any of them knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that any defendant knowingly and deliberately entered into an agreement to suborn perjury and tamper with a witness as charged in Counts One and Seven of the indictment; or to commit perjury before the federal grand jury, as charged in Count Eight of the indictment; the fact that that defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member

of the conspiracy or a conspirator.

_____

See 2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> § 28.05 (5th ed. 2000); <u>United States v. Gibbs</u>, 190 F.3d 188, 197-200 (3d Cir. 1999); <u>United States v. Inadi</u>, 748 F.2d 812, 817 (3d Cir. 1984), rev'd on the other grounds, 475 U.S. 387 (1986); <u>United States v. Kates</u>, 508 F.2d 308, 310 (3d Cir. 1975).

## GOVERNMENT'S REQUEST NO. 22

With regard to the third element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective(s) of the conspiracy.

An overt act may be as simple as attending a meeting, writing a letter, cashing a check, or making a telephone call.  However, it must be an act intended to further the objective(s) of the conspiracy.

The indictment alleges certain overt acts.  The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.  Also, the government does not have to prove that (name) personally committed any of the overt acts, or that he joined the conspiracy before the overt act was committed.  The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective(s) of the conspiracy. You must unanimously agree on the overt act that was committed.

## GOVERNMENT'S REQUEST NO. 23

**Conspiracy  – Circumstantial Evidence**

As the crime of conspiracy is by its nature a secretive operation, it is not usually proved by direct evidence.  Rather, a conspiracy and a defendant's involvement in a conspiracy may be proved entirely by indirect or circumstantial evidence.

The existence of a conspiracy may be inferred from evidence of related facts and circumstances from which it appears, as a reasonable and logical inference, that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived scheme or common understanding.

Therefore, the defendants' acts can create an inference concerning what they have agreed to do, and, therefore, an agreement to join a criminal conspiracy may be inferred from the performance of acts that further its purpose.

While circumstantial evidence must rise above mere speculation, it is not necessary that circumstantial evidence exclude every possible hypothesis of innocence to support a conviction of conspiracy.  The inferences drawn from circumstantial evidence must have a logical and convincing connection to the facts established.

_____

United States v. Applewaite, 195 F.3d 679, 684 (3d Cir. 1999); United States v. Thomas, 114 F.3d 403, 405 (3d Cir. 1997); United States v. Kapp, 781 F.2d 1008, 1010 (3d Cir. 1986); United States v. Barrow, 363 F.2d 62, 64 (3d Cir. 1966), cert. denied, 385 U.S. 1001 (1967); United States v. Mills, 704 F.2d 1553, 1566 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984); see 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.04 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 24

### Liability for Acts and Statements of Co-Conspirators

Each person joining a conspiracy adopts, and is responsible for, the acts and statements of his co-conspirators made in furtherance of the conspiracy, whether or not such acts or statements may have occurred outside the presence or without the knowledge of the defendants or any of them.  When persons enter into an agreement for an unlawful purpose, they become agents for one another.

Thus, if you find that the defendants joined together in a conspiracy as charged, then they are liable for all acts done by any co-conspirator in furtherance of that conspiracy.  Similarly, if you find that a defendant entered into the conspiracy set forth in the  second superseding indictment, then each and every statement made by another conspirator during and within the scope of that conspiracy may be attributed to the defendant charged in that conspiracy.

While such acts and statements should be examined with care before considering them against a defendant who did not do the act or make the statement, they may be considered by you in determining whether or not the government has proved any or all of the conspiracy counts charged against the defendants, Angel Roberto Serrano, Angela M. Serrano, and/or Lisa M. Serrano.

_____

See 2 Devitt, Blackmar & O'Malley, Federal Jury Practice and Instructions, § 28.06 (4th ed. 1990); United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948); United States v. Jannotti, 729 F.2d 213, 221 (3d Cir.), cert. denied, 469 U.S. 880 (1984); United States v. Huff, 699 F.2d 1027, 1029 (10th Cir.), cert. denied, 461 U.S. 947 (1983).

## GOVERNMENT'S REQUEST NO. 25

**Success of Conspiracy Immaterial**

To find the defendants, Angel Roberto Serrano, Angela M. Serrano, and/or Lisa M. Serrano, guilty of any of the conspiracies as charged in Counts One, Seven and Eight of the indictment, it is not necessary to find that the conspiracy succeeded or that the defendants ultimately benefitted from the crime.

---

See 2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.08 (5th ed. 2000); Salinas v. United States, 522 U.S. 52, 64 (1997); United States v. Kates, 508 F.2d 308 (3d Cir. 1975).

### GOVERNMENT'S REQUEST NO. 26

**Charged Period of Conspiracy**

Although Count One of the indictment charges that that specific conspiracy existed from at least on or about February 5, 2008, up to and including on or about August 18, 2008; and Counts Seven and Eight of the indictment charge that those respective conspiracies existed in or about February, 2008; it is not essential that the government prove that any of the conspiracies started or ended on or about those specific dates.  It is sufficient if you find that in fact a charged conspiracy was formed and existed for some time within the period set forth in the indictment.

_____

See 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 13.05 (5th ed. 2000).

<u>**GOVERNMENT'S REQUEST NO. 27**</u>

<u>**"Knowingly" and "Intentionally" Defined**</u>

"Knowingly" means to act "with knowledge of the facts that constitute an offense," but not with knowledge that the facts amount to illegal conduct.

"Intentionally" means to do an act deliberately and not by accident.

These definitions apply whenever these terms are used in this case.

_____

<u>United States v. Barbosa,</u>  271 F.3d 438, 457 (3d Cir. 2001).

**GOVERNMENT'S REQUEST NO. 28**

**Perjury: The Nature of the Offense**

Count Eleven of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Lisa M. Serrano knowingly made false declarations in response to questions asked to her with respect to whether she knew how her brother, defendant Angel Roberto Serrano, Jr., had paid for his trip to Florida following the January 7, 2007 shooting incident, when she said, "I have no idea.  I know Christmas time, right after he got out, a lot of people in the family gave him a nice amount of money, so he could buy clothes and stuff, because he didn't have anything," when she knew that this statement was not true.

Count Twelve of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Lisa M. Serrano knowingly made false declarations in response to questions asked to her with respect to whether her brother, defendant Angel Roberto Serrano, Jr., had asked her father and/or her sister, defendant Angela M. Serrano, for money to go to Florida, when she said with respect to her father, "No, I'm not," and with respect to her sister, "I do not know....I don't know if she gave him money to go to Florida," when she knew that these statements were not true.

Count Thirteen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Lisa M. Serrano knowingly made false declarations in response to questions asked to her with respect to how she had first found out that the little girl had gotten shot, when she said, "I heard about it on the news a couple of days later."  It is

further charged that during that same proceeding, in response to a question concerning whether there had been talk within her family that defendant Angel Roberto Serrano, Jr., had been involved in the shooting, defendant Lisa M. Serrano knowingly made false declarations when she said, "I didn't really hear anything about in the family, until he was arrested in Florida," when she knew that such statement was untrue.

Count Fourteen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Lisa M. Serrano knowingly made false declarations in response to questions asked to her with respect to defendant Angel Serrano's parole status at the time of the shooting incident, when she said, "Yeah.  As far as I know, he said he had his home plan switched.  And I didn't know any different.  Because I thought when he was on this home-like his parole officer was going to contact me a lot more than what she did.  I seen her before he got out and weeks after he left.  So I didn't have much communication with her," when she knew that defendant Angel Roberto Serrano, Jr.'s parole officer was going to issue a warrant for his arrest if he did not report to her the following Monday.

Count Fifteen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Angela M. Serrano knowingly made false declarations in response to questions asked to her with respect to when it was she first discussed with her brother, defendant Angel Roberto Serrano, Jr., the shooting incident, when she said, "Not-not until his name was published in the paper as being a suspect in the-in the crime," when she had discussed the shooting with her brother shortly after it happened.

Count Sixteen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Angela M. Serrano knowingly made false declarations in response to questions asked to her with respect to when it was in relation to the shooting incident that her brother, defendant Angel Roberto Serrano, Jr., went to Florida, when she said, "I don't know.  I wouldn't have-I wouldn't have put the two together.  Like, oh, the shooting happened here and he left here.  It was so long ago.  I mean, if you'd asked me a year ago, I may have known that," and responding "yes," when asked whether she had no recollection whether her brother had left for Florida before or after the little girl was shot.

Count Seventeen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Angela M. Serrano knowingly made false declarations in response to questions asked to her with respect to whether she had given her brother, defendant Angel Roberto Serrano, Jr., money to pay for the bus to Florida, when she said, "He probably paid for it himself," and "I did not give him money for the bus," knowing that she had provided money to him for the bus.

Count Eighteen of the indictment charges that on or about February 5, 2008, while under oath in a proceeding before the federal grand jury of the United States District Court for the Eastern District of Pennsylvania, defendant Angela M. Serrano knowingly made false declarations in response to questions asked to her with respect to her brother, defendant Angel Roberto Serrano, Jr.'s reasons for going to Florida, when she said that his reasons for doing so were to go be with Nicole, and to meet his real father, when she knew that his real reason was to

avoid arrest and prosecution as a result of the shooting incident.

---

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 50.06 (5th ed. 2000); <u>Dunn v. United States</u>, 442 U.S. 100 (1979); <u>See</u> <u>also</u>, <u>United States v. Gross</u>, 511 F.2d 910, 914 (3d Cir.), cert. Denied, 423 U.S. 924 (1975).

**<u>GOVERNMENT'S REQUEST NO. 29</u>**

**Perjury: The Statute Defining the Offense Charged**

Title 18 U.S.C. § 1623 "False declarations before grand jury or court" provides:

"Whoever-

under oath...in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration..." shall be guilty of an offense against the United States.

_____

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 50.02 (5th ed. 2000); <u>See United States v. Williams</u>, 341 U.S. 58 (1951).

**GOVERNMENT'S REQUEST NO. 30**

**Perjury: Essential Elements**

In order to sustain its burden of proof for the crime of perjury as charged in Counts Eleven through Eighteen of the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

> One:    Defendants Angela M. Serrano, and/or Lisa M. Serrano, gave testimony under oath before the federal grand jury;
>
> Two:    Defendants Angela M. Serrano, and/or Lisa M. Serrano, testified as is alleged in Counts Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen and/or Eighteen of the indictment;
>
> Three:  That testimony was false;
>
> Four:   Defendants Angela M. Serrano, and/or Lisa M. Serrano knew that their testimony was false when she gave her testimony;
>
> Five:   The false testimony was material.

---

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 50.08 (5th ed. 2000); Johnson v. United States, 520 U.S. 461 (1997);  United States v. Gaudin, 515 U.S. 506 (1995).

**GOVERNMENT'S REQUEST NO. 31**

**Unanimous Agreement to False Statement-Explained**

Counts Eleven through Fourteen of the indictment allege that defendant Lisa M. Serrano knowingly made several false statements under oath.

Counts Fifteen through Eighteen of the indictment allege that defendant Angela M. Serrano knowingly made several false statements under oath.

In order for you to convict, the government is not required to prove, and you need not find, that all of the statements alleged to be false in Counts Eleven through Fourteen for defendant Lisa M. Serrano, and Counts Fifteen through Eighteen for Angela M. Serrano, are false. The government, however, must prove beyond a reasonable doubt to each of you that at least one specific statement alleged in each count of the indictment was false, before you can find a defendant guilty of that count.

It is not sufficient that some members of the jury agree that one statement is false while others of the jury agree that another statement is false. There must be at least one specific statement that each of you agree is false and that each of you agree the defendant knew to be false.

The government is required to prove beyond a reasonable doubt, and you must unanimously find, in other words, that at least one of the same statements alleged in one or more of the counts charged in the indictment was false and that the charged defendant knew this statement was false.

_____

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 50.11 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 32

**The "Literal Truth" Defense**

45

It is a defense to a charge of making false material statements to a federal grand jury, as charged in Counts Eleven through Eighteen of the indictment, if the evidence shows either of the following:

One:   Defendant Angela M. Serrano or defendant Lisa M. Serrano made a statement in response to a question that was ambiguous or capable of being understood in more than one way, and the answer given by the defendant to one reasonable interpretation of the ambiguous question was not false; or

Two:   Defendant Angela M. Serrano or defendant Lisa M. Serrano made a statement in response to a question that was clear and unambiguous, but the answer to the clear question was ambiguous and capable of being understood in more than one way, and one reasonable interpretation of the answer given by the defendant was not false.

As long as a statement or an answer to a question, or a reasonable interpretation of both statements and answers, are literally or technically true, the crime of making a false statement to a federal  grand jury alleged in Counts Eleven, Twelve, Thirteen and/or Fourteen for defendant Lisa M. Serrano, and Counts Fifteen, Sixteen, Seventeen and/or Eighteen for Angela M. Serrano, has not been committed.

In considering the testimony alleged to be false you should view the context and sequence of the question and answer.  The words used in both should be given their normal and customary meaning unless the context in which the words were used clearly shows that both the person asking the question and the witness giving the answer mutually understood that some other meaning was to be given to a word or words.

If you find that a statement or an answer was literally or technically true, then any intent on the part of the defendant to be ambiguous, to confuse, to evade, or even to mislead is irrelevant and you must acquit the defendant.

---

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 50.12 (5th ed. 2000).

**GOVERNMENT'S REQUEST NO. 33**

**Subornation of Perjury-The Nature of the Offense Charged**

Count Nine of the indictment charges that on or about February 5, 2008, in the Eastern District of Pennsylvania, defendants Angela M. Serrano and Lisa M. Serrano knowingly procured and aided and abetted the procurement of Person #1 known to the grand jury, to commit perjury before the federal grand jury.

---

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 51.01 (5th ed. 2000);

**GOVERNMENT'S REQUEST NO. 34**

**<u>Subornation of Perjury: The Statute Defining the Offense Charged</u>**

Title 18, United States Code, Section 1622 provides, in part, that:

"Whoever procures another to commit any perjury is guilty of subornation of perjury..."

_____

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 51.02 (5th ed. 2000).

<u>**GOVERNMENT'S REQUEST NO. 35**</u>

<u>**Subornation of Perjury: The Essential Elements of the Offense Charged**</u>

In order to sustain its burden of proof for the crime of subornation of perjury as charged in Count Nine of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

One:   Defendant knowingly and intentionally procured Person #1 known to the grand jury to commit perjury as described in Counts Eleven, Twelve, Thirteen and/or Fourteen for defendant Lisa M. Serrano, and Counts Fifteen, Sixteen, Seventeen and/or Eighteen for Angela M. Serrano, of the indictment;

Two:   Defendants Angela M. Serrano and/or Lisa M. Serrano, acted with the intent to deceive;

Three: Person #1 known to the grand jury then, in fact, committed perjury before the federal grand jury.

---------------

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 51.03 (5th ed. 2000); <u>See United States v. Gross</u>, 511 F.2d 910, 915 (3d Cir.) Cert. Denied, 423 U.S. 924 (1975).

50

## GOVERNMENT'S REQUEST NO. 36

**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a)) – Counts Two through Six, Nine and Ten**

A person may be guilty of an offense because he or she personally committed the offense him or herself or because he or she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

Section 2 of Title 18, United States Code provides:

> (a)    Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

In this case, the government alleges that as to Counts Two through Six, and Ten, defendants Angel Roberto Serrano and Angela M. Serrano, aided and abetted each other in committing the crime of tampering with a witness, in violation of Title 18, United States Code, Section 1512(b)(1).

As to Count Nine, it is alleged that defendants, Angela M. Serrano and Lisa M. Serrano aided and abetted each other in committing the crime of subornation of perjury, in violation of Title 18, United States Code, Section 1622.

In order to find defendants, Angel Roberto Serrano and/or Angela M. Serrano, guilty of Counts Two, Three, Four, Five and/or Six as an aider and abettor, and/or defendants, Angela M. Serrano and Lisa M. Serrano guilty of Counts Nine and/or Ten, as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of following four requirements:

> First:        That a principal committed the offense charged in Counts Two,
>
> Three, Four, Five, Six, Nine, and/or Ten, respectively, of the
>
> indictment, by committing each of the elements of the offenses

51

charged, as I have explained those elements to you in these instructions. Names of any alleged principal need not have been charged with or found guilty of the offenses, however, as long as you find that the government proved beyond a reasonable doubt that he or she committed the offenses.

Second:    That the defendant, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, and/or Lisa M. Serrano, knew that the respective offense or offenses charged were going to be committed or were being committed by the principal;

Third:    That the defendants, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, and/or Lisa M. Serrano did some act for the purpose of aiding commission of the offenses, and;

Fourth:    That the defendant's acts did, in some way, aid in the commission of the respective offense or offenses. The defendant's acts need not themselves be against the law.

Evidence that a defendant was merely present during the commission of an offense is not enough for you to find the defendant guilty as an aider and abetter. In addition, if the evidence shows that a defendant knew that the offenses were being committed or were about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent

and purpose to aid, assist, encourage, and/or facilitate or otherwise associate him or herself with the offenses, you may not find such a defendant guilty of the offenses as an aider and abetter. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offenses as something the defendants wished to bring about and to make succeed.

_____

Third Circuit Model Jury Instruction (Criminal) 7.02.

## GOVERNMENT'S REQUEST NO. 37

### Tampering With a Witness – Statute – Counts Two through Six, and Ten

Counts Two through Six charge defendants, Angel Roberto Serrano, Jr., and Angela M. Serrano, with knowingly using corrupt persuasion, to corruptly influence the testimony of B.W., a person known to the grand jury, before the federal grand jury, as alleged in the indictment.

Count Ten charges defendants, Angela M. Serrano, and Lisa M. Serrano, with knowingly using corrupt persuasion, to corruptly influence the testimony of Person #1 known to the grand jury before the federal grand jury, as alleged in the indictment.

Section 1512(b)(1) of Title 18 of the United States Code provides, in part, that:

> Whoever knowingly...corruptly persuades another person, or attempts to do so... with intent to–influence...the testimony of any person in an official proceeding; ...
>
> shall be guilty of an offense against the United States.

_____

2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §§ 49.01 and 49.02 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 38

### Tampering With a Witness – Essential Elements Of The Offense Charged

In order to sustain its burden of proof for the crime of knowingly tampering with a witness as charged in Counts Two through Six of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

One:    Defendants, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, and/or Lisa M. Serrano, acted knowingly, as previously defined;

Two:    Defendants, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, corruptly persuaded B.W., or attempted to do so, as charged in Counts Two, Three, Four, Five and/or Six of the indictment; and/or defendants Angela M. Serrano and/or Lisa M. Serrano, corruptly persuaded Person #1 known to the grand jury, or attempted to do so, as charged in Count Nine of the indictment, and;

Three:  Defendants, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, and/or Lisa M. Serrano did so, or attempted to do so, intending to influence, delay, or prevent the testimony of that person or those persons in an official proceeding.

_____

2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 49.03 (5th. ed. 2000).

## GOVERNMENT'S REQUEST NO. 39

**Corruptly Persuaded**

Corrupt persuasion is corrupting another person by influencing him or her to violate his or her legal duty.[i]  The defendant must have more than an improper motive; he or she must actually suggest that the other person violate a legal duty.[ii]  Thus, persuading a witness to provide false information or testimony would be corrupt persuasion, as it would violate the witness' legal duty to not lie to law enforcement and to testify truthfully.[iii]

Success is not a prerequisite to conviction under the witness tampering statute.  An attempt is enough.[iv]

---

[i]  United States v. Davis, 183 F.3d 231, 249 (3d Cir. 1999) (quoting United States v. Poindexter, 951 F.2d 369, 379 (D.C. Cir. 1991), and "approv[ing] of Poindexter's reasoning in the § 1512 context").

[ii]  Davis, 183 F.3d at 250 & n.6.

[iii]  Davis, 183 F.3d at 231 ("bribing someone to withhold information or persuading someone to provide false information would be corrupt persuasion"); id. (citing United States v. Morrison, 98 F.3d 619, 630 (D.C. Cir. 1996) (influencing a witness to violate her legal duty to testify truthfully constituted corrupt persuasion under § 1512(b)); United States v. Farrell, 126 F.3d 484, 488 (3d Cir. 1997).

[iv]  United States v. Davis, 183 F.3d 231, 250 (3d Cir. 1999); Committee Comments to the Eight Circuit's Pattern Jury Instructions, as cited in 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 49.03 at p. 476 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 40

**Tampering With a Witness – "With Intent To Influence Testimony"– Defined**

The phrase "with intent to influence testimony" means to act for the purpose of causing any person to change his testimony or information in any way.

The government is not required to prove that the person influenced actually felt threatened or intimidated or that the person's testimony was actually influenced by the defendant.

The government must prove beyond a reasonable doubt, however, that defendants, Angel Roberto Serrano, Jr., Angela M. Serrano, and/or Lisa M. Serrano, acted "with intent to influence testimony."

_____

2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 49.05 (5th. ed. 2000).

## GOVERNMENT'S REQUEST NO. 41

## Tampering With a Witness – "Official Proceeding" – Defined

The term "official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a federal grand jury.  This trial is an official proceeding.

_____

2A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 49.06 (5th. ed. 2000).

## GOVERNMENT'S REQUEST NO. 42

**Verdict - Election of Foreperson - Duty to Deliberate -**
**Unanimity - Form of Verdict - Communication With the Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First, the first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second, I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third, as I said before, if you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth,  as I said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth, now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth, once you start deliberating, do not talk about the case to the court officials, or to me, or to anyone else except each other.  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will

60

respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

_____

Third Circuit Model Jury Instruction (Criminal) 3.16.

61

## GOVERNMENT'S REQUEST NO. 43

**Verdict Form**

A verdict form has been prepared that you should use to record your verdict.

Take the form with you to the jury room.  When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendants, Angel Roberto Serrano, Jr., and/or Angela M. Serrano, and/or Lisa M. Serrano, guilty of any of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendants guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

Third Circuit Model Jury Instruction (Criminal) 3.17.